### Case No. 7,040.

INGERSOLL v. MUSGROVE et al.

SAME v. BENHAM et al.

[14 Blatchf. 541;[1] 3 Ban. & A. 304; 13 O. G. 966.]

Circuit Court, S. D. New York. June 24, 1878.

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 3 Ban. & A. 304; and here republished by permission.]

Frederic H. Betts, for plaintiff.

Benjamin F. Lee, William H. L. Lee, and John H. Miller, for defendants.

BLATCHFORD, Circuit Judge. The master reports that the defendants realized, as profits from the sale of infringing cuspidors, at least $300 in the first case, on 1,003, and at least $275, in the second case, on 2,225, but, that he is unable, from the proofs, to report what amount of such profits to them is attributable to the distinctive patented feature of said cuspidors, "the business of the defendants being different from the complainants' in relation to these goods." The plaintiff does not except to this part of the report.

The plaintiff sold, during the same time, 90,554 of the patented cuspidors, for a sum less by $10,325 84 than the sum for which they would have sold at rates which ruled prior to the commencement of the infringements. The master reports that such reduction in price was, to a great extent, occasioned by such infringements by the defendants and other parties; that the infringements by the defendants occasioned a loss to the plaintiff, by the compulsory reduction of his prices, of 30 per cent. of the $10,325 84, being $3,097 76; that such loss was occasioned by reason of the fact that the infringing articles contained the patented features of the plaintiff's patented cuspidors; and that one half of such 30 per cent. of loss was occasioned by each set of defendants. The master attributes 70 per cent. of the reduction of prices to causes other than the infringements by the defendants. He, therefore, reports against each set of defendants, damages for the above cause, amounting to $1,548 88.

He also reports, that, if the defendants in the first case had not sold the 1,003 infringing cuspidors, the plaintiff would have sold 1,003 more of the patented cuspidors than he did sell, and would have made a profit, on each, of 79 cents, or, in all, $792 37, and that 85 per cent. of this, or $673 56, is the amount of such profit to be assigned to the distinctive patented feature of the cuspidors. He, therefore, reports that amount, $673 56, as additional damages against the defendants in the first suit. The aggregate damages against them he reports at $2,118 94. The figures add up $2,222 44.

He also reports, that it is not made to appear, that, if the defendants in the second case had not sold the 2,225 infringing cuspidors, the plaintiff would have sold an equal number of the patented cuspidors to

the persons who purchased from said defendants. He, therefore, reports against said defendants damages to the amount of $1,545 48, which should be $1,548 88.

I think it was a correct conclusion that the zinc cuspidor, with the bottom loaded with iron filings, was an infringement of the patent. It was composed of three metallic parts, formed and combined substantially as set forth in the Heath patent, with the excess of weight in the base. Although the self-righting feature is found in the Topham patent, that patent does not show the combination covered by the Heath patent.

The question, whether the price which the plaintiff received for his cuspidors was less than those which he would have received but for the infringements by the defendants, is a question of fact. Such, also, is the question as to the amount of the reduction, and as to how much of it was occasioned by the acts of the defendants, and as to how much of it was attributable to the fact that the infringing articles contained the patented feature of the plaintiff's patented cuspidors. Such, also, is the question as to whether, if the infringing cuspidors had not been sold, the plaintiff would have sold any greater number of the patented cuspidors than he did sell, and what profit he would have made on them, and what part of such profit is to be assigned to the distinctive patented feature of the cuspidors.

It is for the plaintiff to establish, by satisfactory evidence, not only that a reduction of his prices was caused by the infringements, but how much such reduction was, and how much of it was occasioned by the acts of the defendants, and how much was due to the fact that the infringing articles contained the patented feature of the plaintiff's patented cuspidors. I am not satisfied with the conclusions of the master on this subject. The evidence on which those conclusions were reached was in the shape of estimate and conjecture and opinion, and afforded no proper basis for a report of actual damages by a forced reduction of prices. The allotment of 30 per cent. of such reduction to the infringements by the defendants, and to the fact that the infringing articles contained the patented features of the plaintiff's patented cuspidors, and of 70 per cent. of such reduction to other causes, is founded only on the conjectures, estimates and assertions of witnesses, and not on any sound and safe basis of calculation. Moreover, it does not appear that the master at all considered the question as to the weight to be given to the fact that the sales of the plaintiff were unquestionably increased in number by the reduction of prices by him, resulting in profit on the added sales, and counterbalancing, to some extent, at least, diminution of profit on the rest of the sales.

So, also, it is for the plaintiff to establish, by satisfactory evidence, that he would have sold more of the patented cuspidors than he did sell, if the infringing cuspidors had not been sold, and what profit he would have made on them, and what part of such profit is to be assigned to the distinctive patented feature of the cuspidors. I see no proper foundation, in the evidence, for the conclusion, that, if the defendants in the first case had not sold the 1,003 infringing cuspidors, the plaintiff would have sold 1.003 more of the patented cuspidors than he did sell. The conclusion has no other basis than conjecture and speculation.

Only nominal damages should have been reported in each case. The plaintiff is entitled to recover costs other than the costs of the references before the master, and of the reports and exceptions, and of the hearings thereon, and the defendants are entitled to recover the costs of the references before the master, and of the reports and exceptions, and of the hearings thereon. The one set of costs, in each case, must be deducted from the other, and a decree be rendered for the difference, for the party in whose favor it shall exist.